■ REYNALDO GEORGE, Doing Business as YUNY BOUTIQUE, Appellant, v MASSACHUSETTS PLATE GLASS INSURANCE Co., Defendant and Third-Party Plaintiff-Respondent, and SERVICE GLAZIERS, INC., Respondent. DAVE BROOKS, INC., Third-Party Defendant-Respondent. — In an action to recover damages for breach of contract and negligence, plaintiff appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated July 27, 1982, which

granted the motion of the third-party defendant to dismiss his complaint for failure to comply with a prior order of the same court, dated April 14, 1982, governing discovery. Order dated July 27, 1982 reversed, without costs or disbursements, and motion denied on condition that, within 20 days after the service upon plaintiff's counsel of a copy of the order to be made hereon, with notice of entry, said counsel pays to the third-party defendant the sum of $500 and that all the documents required under the order dated April 14, 1982 be produced for inspection by the third-party defendant. In the event that the conditions are not complied with, order affirmed, with costs. Plaintiff failed to obey a prior order directing disclosure which was entered prior to the order of April 14, 1982. Plaintiff did comply with the April 14, 1982 order, but only partially. Because of this repeated failure to comply with the orders for discovery, the sanction of a $500 fine to be paid by plaintiff's attorney to the third-party defendant is appropriate. However, because plaintiff has partially submitted to the disclosure ordered, the ultimate sanction of dismissal should not be imposed unless the above-mentioned payment is not paid, and/or disclosure is not completed within the time specified (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:8, p 649). Gibbons, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.