■ CAROL MANGIERI et al., Appellants, v NORMAN B. JUSKOWITZ, Respondent, et al., Defendants.—In a medical malpractice action, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Marbach, J.), dated September 3, 1984, as granted defendant Juskowitz's motion to reargue a prior order of said court dated June 20, 1984, and, upon reargument, vacated said order and denied the plaintiffs' motion to strike the defendant Juskowitz's answer on condition that his attorneys pay $500 to plaintiffs' attorneys.

Order affirmed insofar as appealed from, with costs.

At issue is the medical condition of defendant Juskowitz (hereinafter defendant) at the time he performed surgery upon plaintiff Carol Mangieri. Defendant was compelled to produce medical authorization forms by a court order dated October 20, 1983 so that plaintiffs could have access to the records of the treating physicians and hospital before an examination before trial was to occur. When the defendant failed to produce the authorizations within the time set by the court, the parties' attorneys entered into a stipulation whereby the defendant would produce the actual records in lieu of the forms. Records were delivered to the plaintiffs' attorneys prior to the day of the scheduled deposition. Plaintiffs' attorneys found those records to be insufficient and returned to court several months later to secure an order striking defendant's answer, or, in the alternative to compel production of the original authorizations. On March 22, 1984 the defendant was ordered to supply the authorizations within 30 days or his answer would be stricken. When the defendant failed to meet this deadline, the plaintiffs again made a motion to strike the

defendant's answer. The defendant responded by delivering the authorizations, approximately one month after the 30-day period set by the court. In opposition to the plaintiffs' motion, the defendant's attorney affirmed that the delay was not prejudicial to the plaintiffs or willful, but was occasioned by the unavailability of the defendant. By an order dated June 20, 1984, Special Term granted the plaintiffs' motion to strike and awarded them summary judgment as to liability, finding that the defendant had willfully failed to comply with two previous orders. The defendant moved to renew, reargue, or vacate the June 20 order. The defendant's attorney submitted that the court had misapprehended the effect of the stipulation upon the initial order compelling production of the authorizations, leading to the court's conclusion that he had willfully failed to follow two prior orders. Special Term granted reargument and vacated the June 20, 1984 order finding that "the stipulation entered into by counsel at the examination effected compliance with the earlier order. While technically in default of [the latter] order, the conduct of defendant and his counsel does not appear to be so willful and contumacious as to warrant the striking of defendant's answer". Plaintiffs appealed.

It was within the discretion of Special Term to grant reargument to reconsider the effect of the stipulation, if the court was convinced that it may have misapprehended the relevant facts (*see, Foley v Roche,* 68 AD2d 558). Since the court had been presented with a motion to strike the defendant's pleadings, the degree of willfulness of the defendant's conduct was placed before it (*see, Joseph v Roller Castle,* 100 AD2d 839; *Battaglia v Hofmeister,* 100 AD2d 833). The stipulation vitiated the effect of the order dated October 20, 1983 and the minor delay in meeting the second deadline caused only technical noncompliance.

The same result would be reached if the defendant's motion had been treated as one to vacate a default (*see, Battaglia v Hofmeister, supra*). The defendant's moving papers included the required affidavit of merits, and it was within the court's discretion to accept law office failure as a reasonable excuse (*see,* CPLR 2005). Plaintiffs' counsel would have been better served by accepting the late authorizations than by seeking to take advantage of this technical default. It was not an improvident exercise of discretion to deny summary judgment and permit this case to be disposed of on the merits. Gibbons, J. P., Thompson, Weinstein and Lawrence, JJ., concur.