■ ANGELO ULIANO, Respondent, v ENTENMANN'S, INC., a Division of WARNER LAMBERT Co., Appellant, et al., Defendants.—In an action to recover damages, *inter alia,* for libel, the defendant Entenmann's, Inc., appeals from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), entered March 13, 1987, which granted the plaintiff's motion for summary judgment on the first, second, third, and seventh causes of action asserted in his complaint, and (2) an order of the same court, entered June 3, 1987, which denied its motion, *inter alia,* for leave to serve an amended answer and for summary judgment dismissing the complaint as against it.

Ordered that the order entered March 13, 1987 is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered June 3, 1987 is modified, as an exercise of discretion, by deleting the provision thereof denying that branch of the defendant's motion which was for leave to amend its answer to include the affirmative defense of qualified privilege, and substituting therefor a provision granting that branch of the motion; as so modified the order is affirmed, without costs or disbursements.

This controversy stems from a termination letter sent by the corporate human resource manager of the defendant Entenmann's, Inc. (hereinafter Entenmann's) to the plaintiff. Copies of the letter were also given to members of Entenmann's sales, personnel, payroll and labor relations departments as well as to the plaintiff's union. The letter stated in pertinent part that "[E]ffective Friday, February 5, 1982, your position with Entenmann's Bakery has been terminated for committing an act of dishonesty".

After his discharge, the plaintiff applied for unemployment benefits, which were denied "because of the loss of employment due to misconduct". The plaintiff appealed the denial of benefits and after a hearing, the Administrative Law Judge found that "claimant was discharged by the employer because he made a clerical error * * * this is not misconduct within the meaning of the law". Thereafter, the plaintiff commenced the instant action, *inter alia,* to recover damages for libel and moved for partial summary judgment on the libel cause of action alleging that the defendant Entenmann's was collaterally estopped from denying the falsity and untruthfulness of the statements contained in the letter. In opposition Entenmann's argued that there existed a qualified privilege in its favor with respect to the statements in question. In granting the plaintiff's motion for partial summary judgment the Supreme Court held that Entenmann's was barred from raising the affirmative defense of qualified privilege because it had failed to plead that defense in its answer. We agree with the Supreme Court.

Some time thereafter Entenmann's moved for (1) leave to amend its answer to assert the affirmative defense of qualified privilege, (2) leave to renew or reargue with respect to the plaintiff's successful motion for summary judgment, and (3) summary judgment in its favor based on the affirmative defense of qualified privilege. The motion was denied in its entirety.

Leave to amend a pleading should be freely granted unless the amendment sought is palpably improper as a matter of law or unless prejudice or surprise directly results from the delay *(Shepherd v New York City Tr. Auth.,* 129 AD2d 574; *Burack v Burack,* 122 AD2d 101). Here the amendment is not palpably improper since Entenmann's has furnished a prima facie justification for its publication, namely, that it was the result of standard personnel procedures *(see, Garson v Hendlin,* 141 AD2d 55). Furthermore, we can discern no prejudice that would befall plaintiff by permitting Entenmann's to amend its answer *(see generally, Edenwald Contr. Co. v City of New York,* 60 NY2d 957). Accordingly, we find that the Supreme Court's denial of Entenmann's motion to amend its answer was improvident.

However, since the record discloses questions of fact with respect to Entenmann's bad faith or malice, it is not entitled to summary judgment. Communications protected by a qualified privilege do not provide the communicant with absolute immunity. Rather, this conditional privilege merely negates

the presumption of malice and places the burden of proof with respect to this issue on the plaintiff *(Murphy v Herfort,* 140 AD2d 415). The record reveals that the plaintiff's supervisor equated repeated clerical errors with acts of dishonesty. Thus, the plaintiff should be given an opportunity to litigate the issue of malice before a trier of fact.

We have examined Entenmann's other contentions and find them to be without merit. Mollen, P. J., Eiber, Sullivan and Harwood, JJ., concur.