■ SAMUEL WITTLIN, Respondent, v SCHAPIRO's WINE CO. LTD. et al., Appellants.—Order, Supreme Court, New York County (Eugene Nardelli, J.), entered on or about August 23, 1990, which *sua sponte* granted a default judgment in favor of plaintiff against defendants Schapiro's Wine Co. Ltd. ("Schapiro's Wine") and Norman Schapiro, is unanimously reversed, on the law, with costs; and appeal from an order, Supreme Court, New York County (Eugene Nardelli, J.), entered August 31, 1990, which denied defendants' motion to reargue, is dismissed as non-appealable, without costs.

This litigation arises from a loan, the amount of which is in dispute, made in December 1983 by plaintiff, Samuel Wittlin, to defendants Schapiro's Wine and Norman Schapiro. The loan was secured by a mortgage on buildings owned by defendants, located at 126 Rivington Street and 133 Norfolk Street in Manhattan.

In June 1986, plaintiff commenced the instant foreclosure proceeding against defendants and on July 30, 1986, defendant Schapiro's Wine filed a petition for bankruptcy in the United States Bankruptcy Code for the Southern District of New York. Pursuant to the automatic stay provision of the Bankruptcy Code, encompassed in 11 USC § 362 (a), proceedings against the corporate defendant, including the foreclosure proceeding, were stayed. Defendants did not interpose an answer to the complaint, and the matter lay dormant for nearly two and one-half years.

In October 1988, the Bankruptcy Court directed a partial lifting of the stay, and ordered the corporate defendant to transfer possession of the property 133 Norfolk Street to Schap Realty Inc., a corporation owned by plaintiff's son. The automatic stay was further modified in November 1988, when the Bankruptcy Court authorized the corporate defendant to sell the premises 126 Rivington Street.

Shortly thereafter, defendants served an answer to the complaint, which raised the affirmative defenses of lack of consideration and invalidity of the mortgage instrument, based upon allegations that plaintiff had pressured the individual defendant, who is his cousin, into executing a mortgage in the amount of $108,000 to secure a $46,000 loan. Defendants further asserted that plaintiff had falsely represented that the mortgage would not be recorded until defendants had been given the full amount of the consideration and the

documents had been reviewed and approved by their attorney. Defendants' answer, served on or about November 17, 1988, was not rejected or returned on grounds of untimeliness by plaintiff.

Approximately one year later, in November 1989, defendants served a demand for interrogatories and a notice to take plaintiff's deposition. Plaintiff did not respond to the discovery requests, and instead moved for an order to strike the answer for untimeliness. Defendants cross-moved to strike the complaint for failure to comply with the demand for interrogatories.

In February 1990, plaintiff submitted a reply affirmation requesting that his motion to strike the answer be treated as a motion for summary judgment. By memorandum decision dated April 18, 1990, the IAS part *sua sponte* converted plaintiff's motion for summary judgment to a motion for default judgment, granted same and, in accordance with that determination, denied defendants' cross-motion to strike the complaint. Defendants' ensuing motion for renewal and reargument was denied.

Upon examination of this record, we reverse the order granting default judgment to plaintiff.

First, we note that, although neither the corporate nor the individual defendant served an answer until November 1988, plaintiff failed to reject it or to otherwise object on the ground of untimeliness. Rather, plaintiff accepted the answer and retained it, and it was only in response to defendants' demand for interrogatories that plaintiff first raised the issue of untimeliness. The retention of an answer without objection will be deemed a waiver of objection as to untimeliness. *(See, Diamadopolis v Balfour,* 152 AD2d 532, 534; *Minogue v Monette,* 138 AD2d 851.) Such a waiver serves to preclude the grant of a default judgment. *(Matter of Romano v Ziegner,* 99 AD2d 512.)

Moreover, it was an improvident exercise of the IAS part's discretion to have granted a default judgment in the absence of plaintiff's motion for such relief *(see,* CPLR 3215 [a]), particularly since plaintiff's motion for summary judgment presupposed the joinder of issue, which in turn assumes the acceptance of defendants' answer. (CPLR 3212 [a].)

Accordingly, the order entered on or about August 23, 1990 is reversed, the default judgment is vacated, and the matter is remanded for further proceedings, including completion of discovery or, in the event of plaintiff's continued non-compli-

ance, the reconsideration of defendants' cross-motion for relief pursuant to CPLR 3126 (3). Concur—Sullivan, J. P., Milonas, Asch, Kassal and Smith, JJ.