■ Nassau County, Respondent-Appellant, v Incorporated Village of Roslyn et al., Appellants-Respondents, et al., Defendant.—In an action, *inter alia,* to recover damages for breach of contract, the defendants Incorporated Village of Roslyn, Joel Pasnick, Howard Needleman, Roger G. Terry, Roy Arroll, and Robert Abrams appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered May 28, 1991, as denied certain branches of their cross motion to dismiss the second amended complaint insofar as it is asserted against them, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for leave to serve a third amended complaint and granted that branch of the cross motion which was to dismiss the fourth cause of action asserted in the second amended complaint.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying that branch of the plaintiff's motion which was for leave to serve a third amended complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, the plaintiff's time to serve a third amended

complaint is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry, and the defendants' time to answer the third amended complaint is extended until 20 days after service upon them of the third amended complaint.

Although the County served its first amended complaint and second amended complaint without leave from the Supreme Court, and beyond any time period within which an amendment could have been made as of right *(see,* CPLR 3025), the defendants waived any objection to those pleadings on that basis by failing to reject them *(see, Wittlin v Shapiro's Wine Co.,* 178 AD2d 160; *Minogue v Monette,* 138 AD2d 851; *cf., County of Nassau v Cedric Constr. Corp.,* 100 AD2d 890; *Lampman v Cairo Cent. School Dist.,* 47 AD2d 794; *Boro Kitchen Cabinets v Splat,* 9 AD2d 925).

Additionally, the Supreme Court properly dismissed the fourth cause of action asserted in the County's second amended complaint which sought to penalize the Village for violations of the Nassau County Sewer Ordinance. CPLR 9802, in addition to setting forth the requirements for the maintenance of a contract action against a village, provides in pertinent part that "no other action shall be maintained against [a] village unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law". "The 'no other action' language contained in CPLR 9802 permits no exceptions" *(Solow v Liebman,* 175 AD2d 867, 868). In the present case, the County did not include these alleged violations in its notices of claim and did not apply for leave to serve a late notice of claim with respect to this cause of action *(see,* General Municipal Law § 50-e [5]). Therefore, dismissal was warranted.

However, we find that the Supreme Court improvidently exercised its discretion by denying the County's application for leave to serve a third amended complaint to update the damages pleaded in the prior complaints. Leave to amend a pleading should be freely granted unless the proposed amendment is palpably improper as a matter of law or prejudices or surprises the opposing party *(see, Uliano v Entenmann's, Inc.,* 148 AD2d 604; CPLR 3025 [b]). Lateness in the absence of prejudice is not a sufficient basis to deny leave to amend a pleading *(see, Quiros v Polow,* 135 AD2d 697). In this case the notices of claim sufficiently alerted the defendants of the facts and circumstances underlying the plaintiff's causes of action

other than the violations of the Nassau County Sewer Ordinance, and the proposed amendment merely seeks to reflect the current status of the defendants' indebtedness as a result of the alleged on-going breach of contract.

We have examined the parties' remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Eiber and Miller, JJ., concur.