■ DIME SAVINGS BANK OF NEW YORK, FSB, Formerly Known as UNION SAVINGS BANK OF NEW YORK, Appellant, v TIMOTHY C. HALO, Respondent, et al., Defendants. [619 NYS2d 804] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Stolarik, J.), entered August 18, 1992 in Rockland County, which granted a motion by defendant Timothy C. Halo for a default judgment on his counterclaims.

In this mortgage foreclosure action, defendant Timothy C. Halo (hereinafter defendant) sought leave to amend his answer to add a counterclaim alleging plaintiff's conversion of personal property from the mortgaged premises. Supreme Court granted defendant's application by order dated March 3, 1992 which, among other things, authorized defendant to "amend his verified answer within twenty (20) days of the date of service of this order with notice of entry to include an additional counterclaim for wrongful conversion of defendant's property". It is undisputed that defendant served the order with notice of entry upon plaintiff by mail on March 13, 1992 and that defendant's amended answer, asserting three counterclaims, was served upon plaintiff by mail on April 6, 1992, 24 days thereafter. Avowedly because the amended answer was not timely served, plaintiff unilaterally determined to treat it as nullity. Consistent with that posture, plaintiff served no reply to the counterclaims pleaded in the amended answer. Defendant subsequently moved for judgment on the counterclaims on the ground of plaintiff's default in interposing a reply thereto. In opposition to the motion, plaintiff submitted an affidavit of its counsel who asserted that the late service of the amended answer justified plaintiff's failure to serve a reply and that, in any event, plaintiff had "a good and justifiable defense" to the counterclaims on the merits and

should be permitted to serve a late reply. Supreme Court granted defendant's motion and plaintiff appeals.

We affirm. In our view, it makes no difference whether defendant's own service of Supreme Court's March 3, 1992 order triggered the provision of CPLR 2103 (b) (2) that " '[W]here a period of time prescribed by law is measured from the service of a paper and service is made by mail, five days shall be added to the prescribed period' " *(see, Oliver v Alcog,* 155 AD2d 1001, 1002) and, thus, provided him with an additional five days within which to serve the amended answer. Even if the amended answer was not timely served, there can be no question that plaintiff's physical retention of the pleading is deemed a waiver of its late service *(see, Nassau County v Incorporated Vil. of Roslyn,* 182 AD2d 678, 679, *lv dismissed* 80 NY2d 972; *Minogue v Monette,* 138 AD2d 851, 852). Here, plaintiff retained the pleading for an extended period of time and, in fact, interposed no objection to the timeliness of its service until faced with defendant's application for judgment upon default *(see, Wittlin v Schapiro's Wine Co.,* 178 AD2d 160, 161). As a final matter, the attorney's affidavit submitted in opposition to the application for default judgment did not competently establish a meritorious defense to the counterclaims, thereby depriving Supreme Court of discretion to extend the time for plaintiff's reply *(see, Oversby v Linde Div. of Union Carbide Corp.,* 121 AD2d 373; *Nitto v Kalisiak,* 107 AD2d 1066).

Cardona, P. J., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.