■ WEST SHORE BUILDERS, INC., Respondent, v JUD STALLER et al., Appellants, et al., Defendants. [634 NYS2d 244] —Mikoll, J. P. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered October 11, 1994 in Madison County, which denied a motion by defendants Jud Staller and Donna Staller for a default judgment on their counterclaims.

In June 1992, defendants Jud Staller and Donna Staller (hereinafter collectively referred to as defendants) entered into a contract with plaintiff whereby plaintiff was to perform extensive renovations to put an addition onto defendants' home. Following many disputes between the parties concerning the scope, quality and cost of the work, plaintiff ultimately filed a mechanic's lien against defendants' home. Plaintiff then commenced this action to foreclose the lien. On May 13, 1994, defendants served their answer which included, *inter alia*, three counterclaims against plaintiff. Thereafter, plaintiff's time to reply to the counterclaims expired with plaintiff neither serving a reply nor requesting an extension of time within which to do so. On September 23, 1994, defendants moved for a default judgment on their counterclaims. In response to this motion plaintiff requested an extension of time to reply, submitted a proposed reply and included an affidavit from its attorney asserting that a "clerical error" in noting the date the response to the counterclaims was due caused the failure to reply. Supreme Court denied defendants' motion and directed them to accept service of the proposed reply. This appeal by defendants ensued.

We reverse. Assuming, arguendo, that Supreme Court did not abuse its discretion pursuant to CPLR 2005 by accepting the assertion by plaintiff's counsel that the error in properly diarying the reply deadline constituted excusable " 'law office failure' " (*but see, People ex rel. Abrams v Scudds*, 195 AD2d 778, 779), defendants correctly point out that plaintiff was still required to "make an adequate showing that [its] claim has legal merit" (*Oversby v Linde Div. of Union Carbide Corp.*, 121 AD2d 373). Here, the affidavit from plaintiff's counsel makes no mention of the subject of merit. Moreover, since the complaint is not verified (*cf., Iovine v Caldwell*, 215 AD2d 977, 978; *see, Matter of Waite v Whalen*, 215 AD2d 922, 924) and there is no other competent proof in the record to support plaintiff's position, we conclude that Supreme Court was deprived of discretion to extend the time for plaintiff's reply (*see, Dime Sav. Bank v Halo*, 210 AD2d 572, 573).

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, mo-

tion granted and default judgment awarded to defendants Jud Staller and Donna Staller on their counterclaims.