■ ANDREW PAPIS et al., Respondents, v ST. VINCENT'S MEDICAL CENTER OF RICHMOND et al., Defendants, and STATEN ISLAND MEDICAL GROUP et al., Appellants. [643 NYS2d 389] —In an action to recover damages for medical malpractice, the defendants Joann Kolnick and the Staten Island Medical Group appeal from an order of the Supreme Court, Richmond County (Amann, J.), dated May 4, 1995, which granted the branch of the plaintiffs' motion which was to renew the prior

motion of the defendants Joann Kolnick and the Staten Island Medical Group to dismiss the complaint insofar as asserted against them, and upon renewal, vacated its prior order dated October 24, 1994, dismissing the complaint, and reinstated the complaint on the condition that the plaintiffs pay the appellants the sum of $1,500.

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contention, the Supreme Court did not improvidently exercise its discretion in granting the branch of the plaintiffs' motion which was for renewal (*see, Swenning v Wankel,* 140 AD2d 428; *Mangieri v Juskowitz,* 112 AD2d 147; *Patterson v Town of Hempstead,* 104 AD2d 975).

Nor, did the Supreme Court err in vacating the October 24, 1994, order dismissing the complaint insofar as asserted against the appellants and reinstating the complaint as against them. The plaintiffs substantially complied with the June 2, 1994, conditional order of preclusion by serving one of the two bills of particulars they were required to serve, as well as the authorizations demanded by the appellants. Under these circumstances, the preclusion order did not become final (*cf., Bock v Schiowitz,* 168 AD2d 593). Thus, it was not error for the Supreme Court, upon renewal, to deny the appellants' motion to dismiss and instead impose monetary sanctions against the plaintiffs (*see, George v Massachusetts Plate Glass Ins. Co.,* 97 AD2d 748; *see also, Harris v City of New York,* 211 AD2d 663). O'Brien, J. P., Santucci, Joy and Florio, JJ., concur.