■ SAUL B. HAMOND, Individually and as Limited Partner in SHENKER REALTY Co., Appellant, v MARKS SHRON & COM-

PANY, Respondent, et al., Defendants. (And a Third-Party Action.) [671 NYS2d 106] —In an action, *inter alia,* to recover damages for accounting malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered February 19, 1997, as granted the cross motion of the defendant Marks Shron & Company for summary judgment dismissing the amended complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Saul B. Hamond, was the limited partner of the defendant Schenker Realty Co. Schenker Realty Co., through its general partner, Harold Schenker, contracted with the defendant Marks Shron & Company, an accounting firm, to handle the accounting for the partnership. Hamond alleged that Harold Schenker and his son, Mark, Harold's successor in interest to the general partnership, mismanaged and misappropriated the funds of the partnership. Hamond also alleged that Marks Shron & Company, as the party responsible for monitoring the partnership accounts, failed to notify Hamond of the alleged mismanagement, and on that basis, committed accounting malpractice.

In moving for summary judgment, Marks Shron & Company met its initial burden by demonstrating that it had no contract or relationship with Hamond (*see,* CPLR 3212; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067; *see also, Iselin & Co. v Mann Judd Landau,* 71 NY2d 420, 425). In order to defeat Marks Shron & Company's prima facie showing that it was entitled to summary judgment as a matter of law, Hamond was required to produce admissible evidence to demonstrate a relationship with the accounting firm "sufficiently approaching privity" (*Iselin & Co. v Mann Judd Landau, supra,* at 425; *Westpac Banking Corp. v Deschamps,* 66 NY2d 16, 19; *see also, Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536, 551; *Zuckerman v City of New York,* 49 NY2d 557). Hamond failed to meet this burden. Accordingly, the Supreme Court properly granted the cross motion of the defendant Marks Shron & Company for summary judgment dismissing the amended complaint insofar as asserted against it. Altman, J. P., Krausman, Florio and Luciano, JJ., concur.