■ KENDRA JORDAN, Respondent, v ALTAGRACIA AVILES, Appellant, et al., Defendants. [735 NYS2d 623] —In an action to recover damages for personal injuries, the defendant Altagracia Aviles appeals from an order of the Supreme Court, Kings County (Barron, J.), dated December 13, 2000, which denied that branch of her motion which was for leave to serve an amended answer nunc pro tunc.

Ordered that the order is reversed, on the law, with costs,

that branch of the motion which was for leave to serve an amended answer nunc pro tunc is granted, and the amended answer is deemed served.

The infant plaintiff was injured when she was struck by a vehicle owned by the appellant and operated by the defendant Luis Santiago. By a guardian ad litem, she subsequently commenced this action against, among others, the appellant and Santiago. In the answer served on their behalf, the appellant admitted that the vehicle was operated with her consent (see, CPLR 3018 [a]). Approximately two years later, new counsel was substituted to represent Santiago. Thereafter, the appellant served an amended answer, without leave of the court, denying permissive use of the vehicle. While the plaintiff's counsel did not sign a proffered stipulation permitting the amendment, he never rejected the pleading. Santiago was then deposed and testified that the appellant did not give him permission to use the vehicle.

The appellant subsequently moved for summary judgment dismissing the complaint insofar as asserted against her on the ground that Santiago did not have permission to use her vehicle. In opposition to the motion, the plaintiff contended that the appellant's answer had never been properly amended. The appellant then moved, *inter alia*, for leave to serve an amended answer nunc pro tunc. The Supreme Court denied her application as untimely.

The appellant served her amended answer well beyond the period within which an amended pleading may be served as of right (see, CPLR 3025 [a]) without first obtaining leave of the court. However, by retaining the amended pleading without objection, the plaintiff waived her right to dispute its propriety (see, Nassau County v Incorporated Vil. of Roslyn, 182 AD2d 678, 679).

Even if the plaintiff had not waived her right to object to the amended answer, the Supreme Court improvidently exercised its discretion in denying leave to amend. Leave to amend a pleading should be given freely unless the amendment proposed is, as a matter of law, palpably improper, or unless it prejudices or surprises the opposing party (see, Uliano v Entenmann's, Inc., 148 AD2d 604, 605; CPLR 3025 [b]). Here, the amendment is not devoid of merit. We discern no prejudice or surprise to the plaintiff occasioned by service of the amended answer. Moreover, lateness alone is not a sufficient basis for denying leave to amend a pleading (see, Nassau County v Incorporated Vil. of Roslyn, supra, at 679). Luciano, J. P., Townes, Crane and Prudenti, JJ., concur.