■ **Dwight Barlow** et al., Respondents, v **Werner Company**, Defendant and Third-Party Plaintiff. **Post Exterminating Company, Inc.**, Third-Party Defendant-Appellant. [743 NYS2d 731] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated May 23, 2001, as granted its motion to dismiss the complaint pursuant to CPLR 3126 based on the plaintiffs' spoliation of evidence only to the extent of directing that the trial court give a negative inference charge against the plaintiffs, and (2) from an order of the same court, dated November 15, 2001, which, in effect, denied its motion to dismiss the complaint pursuant to CPLR 3126 based on the plaintiffs' failure to provide ordered disclosure.

Ordered that the order dated May 23, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated November 15, 2001, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Because the plaintiffs' spoliation of evidence was unintentional and did not deprive the appellant of a means of establishing its defense, the Supreme Court providently exercised its discretion in granting the motion to dismiss the complaint based on such spoliation only to the extent of directing that a negative inference charge be given as against the plaintiffs (*see DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41; *Chiu Ping Chung v Caravan Coach Co.,* 285 AD2d 621; *Popfinger v Terminix Intl. Co. Ltd. Partnership,* 251 AD2d 564; *Vaughn v City of New York,* 201 AD2d 556). Further, in light of its determination that the plaintiffs substantially complied with a prior conditional order of preclusion, the court properly refused to dismiss the complaint based on such order (*see Papis v St. Vincent's Med. Ctr. of Richmond,* 227 AD2d 601). Florio, J.P., O'Brien, Krausman and Luciano, JJ., concur.