■ JOHN WHITFIELD, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 107985.) [814 NYS2d 187]—

In a claim to recover damages for dental malpractice, the claimant appeals, as limited by his brief, from so much of an order of the Court of Claims (Mignano, J.), dated July 6, 2005, as denied those branches of his motion which were to impose a sanction pursuant to CPLR 3126 and to preclude the defendant from offering evidence at trial based on its failure to provide court-ordered disclosure.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant complied with the portion of a prior order dated February 28, 2005 directing it to provide an affidavit of a

person with knowledge of the dental record-keeping practice of the New York State Department of Correctional Services (hereinafter the DOCS) regarding the existence of any possible X-ray films of the claimant's mouth taken on April 20, 1992 by providing an affidavit from the Dental Director of the DOCS which complied with these requirements (*see Bivona v Trump Mar. Casino Hotel Resort,* 11 AD3d 574, 575 [2004]).

The defendant also substantially complied with that portion of the order dated February 28, 2005 which conditionally precluded it from offering evidence at trial regarding matters of which particulars were not given pursuant to written demands by serving a bill of particulars (*see Barlow v Werner Co.,* 295 AD2d 381 [2002]; *Papis v St. Vincent's Med. Ctr. of Richmond,* 227 AD2d 601, 602 [1996]). Thus, under the circumstances of this case, the Court of Claims providently exercised its discretion in granting that branch of the claimant's motion which was to preclude the defendant from offering evidence at trial only to the extent of precluding those matters of which particulars demanded were not given in the bill of particulars served by the defendant.

The claimant's remaining contention is raised for the first time on appeal and is not properly before this Court (*see Glaser v County of Orange,* 22 AD3d 720, 721 [2005]; *Matter of Smiler v Board of Educ.,* 15 AD3d 409, 410 [2005]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.