JAMES MORAN et al., Appellants, v MARGARET HURST et al., Respondents, et al., Defendant. [822 NYS2d 564]—

In an action, inter alia, to recover damages for breach of contract and legal malpractice, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Jonas, J.), dated November 19, 2004, as granted the motion of the defendant Adrienne Flipse Hausch to strike the supplemental summons and amended verified complaint insofar as asserted against her, and (2) so much of an order of the same court dated January 7, 2005, as granted that branch of the motion of the defendants Heath Berger and Steinberg, Fineo, Berger & Barone, P.C., also known as Steinberg, Fineo, Berger & Fischoff, P.C., which was for summary judgment dismissing the complaint and the amended verified complaint insofar as asserted against them, granted that branch of the motion of the defendant Adrienne Flipse Hausch which was for summary judgment dismissing the complaint and the amended complaint insofar as asserted against her, and granted the motion of the defendant Margaret Hurst for summary judgment dismissing the complaint and the amended complaint insofar as asserted against her.

Ordered that the orders dated November 19, 2004 and January 7, 2005 are affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Under CPLR 3025 (a), a plaintiff may serve an amended summons and complaint once without leave of court within 20 days after the service of the summons and complaint, or at any time before the period for responding to the summons and complaint expires, or within 20 days after service of a pleading responding to it (see Nikolic v Federation Empl. & Guidance Serv., Inc., 18 AD3d 522, 524 [2005]). The plaintiffs commenced this action against the defendants Margaret Hurst, Adrienne Flipse Hausch, Howard Wunderlich, and Heath Berger by the filing of a summons and complaint on October 30, 2003. All of the defendants served answers to the complaint.

Subsequently, by order dated June 1, 2004, the Supreme Court granted that branch of the plaintiffs' cross motion which was to extend the time to re-serve the summons and complaint on Hurst, which they accomplished on June 16, 2004. Hurst re-served her original answer on July 23, 2004. On August 11, 2004 the plaintiffs served a supplemental summons and amended verified complaint, inter alia, seeking to add Steinberg, Fineo, Berger & Barone, P.C., also known as Steinberg, Fineo, Berger & Fischoff, P.C. (hereinafter SFB & F) as an additional defendant.

The Supreme Court properly determined that the plaintiffs served the supplemental summons and amended verified complaint well beyond the period within which an amended pleading may be served as of right (see CPLR 3025 [a]), without first obtaining leave of the Supreme Court (see Jordan v Aviles, 289 AD2d 532, 533 [2001]; Nassau County v Incorporated Vil. of Roslyn, 182 AD2d 678 [1992]). However, by retaining the amended pleading without objection and even interposing an answer thereto, which did not assert an affirmative defense based on lack of jurisdiction, Berger, SFB & F, and Hurst waived any right to dispute its propriety (see Jordan v Aviles, supra; Nassau County v Incorporated Vil. of Roslyn, supra).

The complaint insofar as asserted on behalf of the plaintiff Moran Enterprises, Inc. (hereinafter MEI), was properly dismissed as that plaintiff failed to appear by an attorney (see CPLR 321 [a]; Ficalora v Town Bd. Govt. of E. Hampton, 276 AD2d 666 [2000]; Cinderella Holding Corp. v Calvert Ins. Co., 265 AD2d 444 [1999]).

To recover damages for legal malpractice, a plaintiff must prove, inter alia, the existence of an attorney-client relationship

(*see Volpe v Canfield*, 237 AD2d 282, 283 [1997]). "It is well established that, with respect to attorney malpractice, absent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence" (*Rovello v Klein*, 304 AD2d 638 [2003], citing *Conti v Polizzotto*, 243 AD2d 672 [1997]; *see Good Old Days Tavern v Zwirn*, 259 AD2d 300 [1999]). Since an attorney-client relationship does not depend on the existence of a formal retainer agreement or upon payment of a fee (*see Hansen v Caffry*, 280 AD2d 704, 705 [2001]; *Jane St. Co. v Rosenberg & Estis*, 192 AD2d 451 [1993]), a court must look to the words and actions of the parties to ascertain the existence of such a relationship (*see Tropp v Lumer*, 23 AD3d 550 [2005]; *McLenithan v McLenithan*, 273 AD2d 757, 758 [2000]). The unilateral belief of a plaintiff alone does not confer upon him or her the status of a client (*see Wei Cheng Chang v Pi*, 288 AD2d 378, 380 [2001]; *Volpe v Canfield, supra* at 283; *Jane St. Co. v Rosenberg & Estis, supra*).

The Supreme Court properly granted summary judgment to the defendant Hausch. The record is devoid of any evidence that an attorney-client relationship existed between Hausch, MEI, and/or James Moran (*see Volpe v Canfield, supra* at 283; *C.K. Indus. Corp. v C.M. Indus. Corp.*, 213 AD2d 846, 848 [1995]).

Berger, SFB & F, and Hurst, respectively, met their initial burden by demonstrating that they had no contract or relationship with Moran individually (*see* CPLR 3212; *cf. Hamond v Marks Shron & Co.*, 249 AD2d 364 [1998]). Berger, SFB & F, and Hurst relied upon their written retainer agreements to establish that the attorney-client relationship formed was with MEI (*see Griffin v Anslow*, 17 AD3d 889, 892-893 [2005]). In order to defeat that prima facie showing of entitlement to summary judgment, Moran was required to produce admissible evidence demonstrating a relationship with the parties "so close as to approach that of privity" (*Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382; *Benedict v Whitman Breed Abbott & Morgan*, 282 AD2d 416, 417 [2001]).

The record is devoid of any evidence indicating that Berger or SFB & F either affirmatively led Moran to believe that they were acting as his attorney or knowingly allowed him to proceed under that misconception (*see Solondz v Barash*, 225 AD2d 996, 998 [1996]; *Jane St. Co. v Rosenberg & Estis, supra*). Contrary to Moran's contention, the payment of an attorney's fee by a third party does not, in and of itself, create an attorney-client

relationship (*see Matter of Priest v Hennessy*, 51 NY2d 62, 69-70 [1980]). Thus, the Supreme Court properly granted that branch of the motion of Berger and SFB & F which was for summary judgment dismissing the complaint and the amended complaint insofar as asserted against them.

With regard to Hurst, Moran's bill of particulars indicated that an attorney-client relationship existed only between Hurst and MEI pursuant to their written retainer agreement, and failed to particularize any attorney-client relationship between Hurst and Moran individually. The purpose of a bill of particulars is to amplify pleadings, limit proof, and prevent surprise at trial (*see Khoury v Chouchani*, 27 AD3d 1071 [2006]; *White Plains Towing Corp. v State of New York*, 187 AD2d 503, 504 [1992]). Since Moran limited the privity claim against Hurst to MEI only, the Supreme Court properly granted summary judgment to Hurst as to any claim interposed on behalf of Moran individually (*see Whitfield v State of New York*, 28 AD3d 542 [2006]).

The parties' remaining contentions have either been rendered academic or are without merit. Adams, J.P., Krausman, Fisher and Dillon, JJ., concur.