U.S. Bank N.A. v Hinds (2022 NY Slip Op 02150)





U.S. Bank N.A. v Hinds


2022 NY Slip Op 02150


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2019-07822
 (Index No. 505767/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Felicia Hinds, etc., appellant, et al., defendants.


R. David Marquez, P.C., Mineola, NY, for appellant.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Felicia Hinds appeals from an amended order of the Supreme Court, Kings County (Noach Dear, J.), dated April 10, 2019. The amended order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Felicia Hinds, to strike her answer and counterclaims, and for an order of reference, in effect, denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the amended order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Felicia Hinds, to strike her answer and counterclaims, and for an order of reference are denied, and the cross motion of the defendant Felicia Hinds for summary judgment dismissing the complaint insofar as asserted against her is granted.
On May 24, 2007, the defendant Felicia Hinds (hereinafter the defendant) executed a note in the amount of $463,000 in favor of nonparty Fieldstone Mortgage Company (hereinafter Fieldstone). The note was secured by a mortgage on certain real property located in Brooklyn.
On April 13, 2016, the plaintiff, Fieldstone's successor in interest, commenced this action to foreclose the mortgage against the defendant, among others. On or about July 10, 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and counterclaims, and for an order of reference.
In support of its motion, the plaintiff submitted the affidavit of Felicia Simmons, an assistant officer legal support for CitiMortgage, Inc. (hereinafter CitiMortgage), the plaintiff's loan servicer. Simmons stated that she was familiar with CitiMortgage's records and record-keeping practices, and that those records included the records regarding the instant loan. Simmons further stated that 90-day notices pursuant to RPAPL 1304 were mailed to the defendant by both certified mail and first-class mail on November 4, 2015. She included copies of the RPAPL 1304 notices, which stated that the defendant was in default and had 90 days to cure the default before the foreclosure action was commenced. Also included with the RPAPL 1304 notice was the following additional notice, in bold print: "TO THE EXTENT YOUR OBLIGATION HAS BEEN [*2]DISCHARGED OR IS SUBJECT TO AN AUTOMATIC STAY OF A BANKRUPTCY ORDER UNDER TITLE 11 OF THE UNITED STATES CODE, THIS NOTICE IS FOR COMPLIANCE AND INFORMATIONAL SERVICES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PROMPT PAYMENT OR AN ATTEMPT TO COLLECT ANY SUCH OBLIGATION."
The defendant opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her on the grounds that the plaintiff lacked standing and that the plaintiff failed to comply with RPAPL 1304. In an order dated January 2, 2019, the Supreme Court denied the motion and the cross motion, determining that there were triable issues of fact regarding standing. The court further determined that the plaintiff had established its compliance with RPAPL 1304.
In an amended order dated April 10, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and counterclaims, and for an order of reference, in effect, denied the defendant's cross motion, and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
The Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and counterclaims, and for an order of reference, and, in effect, denying the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304(2) states that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice."
The defendant established that the plaintiff failed to strictly comply with RPAPL 1304, on the ground that additional material was sent in the same envelope as the 90-day notice required by RPAPL 1304 (see Bank of Am., N.A. v Kessler, 202 AD3d 10). The plaintiff failed to raise a triable issue of fact in opposition. Thus, the Supreme Court should have denied those branches of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and counterclaims, and for an order of reference, and should have granted the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted her on the ground that the plaintiff failed to comply with RPAPL 1304 (see Citimortgage, Inc. v Dente, 200 AD3d 1025).
The defendant's contention that the plaintiff also failed to comply with the mailing requirements of RPAPL 1304, raised for the first time on appeal, is not properly before this Court (see Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 887, 889).
The parties' remaining contentions regarding standing are academic in view of the foregoing.
CONNOLLY, J.P., CHRISTOPHER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court