Citibank, N.A. v Saldarriaga (2023 NY Slip Op 00647)

Citibank, N.A. v Saldarriaga

2023 NY Slip Op 00647

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-13843
 (Index No. 1799/10)

[*1]Citibank, N.A., respondent, 
v
Adriana Saldarriaga, appellant, et al., defendants.

Binakis Law, P.C., Astoria, NY (Patrick Binakis of counsel), for appellant.
Stradley Ronon Stevens & Young, LLP, New York, NY (Matthew B. Johnson, Lauren Valle, and Lijue Philip of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Adriana Saldarriaga appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), dated August 5, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Adriana Saldarriaga, to strike that defendant's answer, to strike that defendant's amended answer as untimely, and for an order of reference, struck the answer of that defendant and directed that it be treated as a limited notice of appearance, struck the amended answer of that defendant as untimely, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was to strike the amended answer of the defendant Adriana Saldarriaga as untimely, and substituting therefor a provision denying that branch of the motion, and by deleting the provision thereof striking the amended answer of that defendant as untimely; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On July 26, 2007, the defendant Adriana Saldarriaga executed a note in the sum of $643,500 in favor of UBS AG TAMPA BRANCH (hereinafter UBS). The note was secured by a mortgage on residential property in Ozone Park. By assignment of mortgage dated January 19, 2010, Mortgage Electronic Registration Systems, Inc., as nominee for UBS, assigned the mortgage to the plaintiff.
In January 2010, the plaintiff commenced this action to foreclose the mortgage against Saldarriaga, among others. Saldarriaga, acting pro se, interposed an answer to the complaint dated February 12, 2010. On September 30, 2011, Saldarriaga, through counsel, interposed an amended answer, with counterclaims.
In April 2019, the plaintiff moved, inter alia, for summary judgment on the complaint [*2]insofar as asserted against Saldarriaga, to strike her answer, to strike her amended answer as untimely, and for an order of reference. In an order dated August 5, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion, struck Saldarriaga's answer and directed that it be treated as a limited notice of appearance, struck Saldarriaga's amended answer as untimely, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. Saldarriaga appeals.
Contrary to Saldarriaga's contention, the plaintiff made a prima facie showing that it had standing to commence this action. In support of its motion, the plaintiff submitted the affidavit of Daniel Delpesche, an employee of the plaintiff's loan servicer, in which Delpesche averred that the original note was "physically delivered" to the plaintiff on August 17, 2007, i.e., prior to the commencement of this action on January 22, 2010, and that the plaintiff "remained in physical possession of the Note up to and through the date upon which this action was commenced" (see Citimortgage, Inc. v Laupot, 190 AD3d 680, 682). A copy of the note was annexed to Delpesche's affidavit. In opposition, Saldarriaga failed to raise a triable issue of fact as to the plaintiff's standing.
Saldarriaga's contentions that the plaintiff failed to provide proof of service of a RPAPL 1303 notice on a tenant and failed to establish that it was not required to provide notice under RPAPL 1304 are not properly before this Court, as they are improperly raised for the first time on appeal (see Bank of New York Mellon v Glasgow, 206 AD3d 790; U.S. Bank N.A. v Hinds, 203 AD3d 1210, 1213; FNBN I, LLC v DiTomasso, 199 AD3d 656, 657; Nationstar Mortgage, LLC v Gayle, 191 AD3d 1003, 1006).
The Supreme Court erred, however, in granting that branch of the plaintiff's motion which was to strike Saldarriaga's amended answer as untimely. Although Saldarriaga filed her amended answer approximately 20 months after filing her original answer, well beyond the period within which an amended pleading could have been served as of right (see CPLR 3025[a]), without obtaining leave of court or the stipulation of all parties to the amendment (see id. § 3025[b]; Jordan v Aviles, 289 AD2d 532, 533; see also Moran v Hurst, 32 AD3d 909, 910), the plaintiff did not reject the amended answer. By "retaining the amended pleading without objection" (Jordan v Aviles, 289 AD2d at 533), the plaintiff waived any "objection as to untimeliness" (Wittlin v Schapiro's Wine Co., 178 AD2d 160, 161; see Moran v Hurst, 32 AD3d at 910; Nassau County v Incorp. Vil. of Roslyn, 182 AD2d 678, 679; Minogue v Monette, 138 AD2d 851, 852). Thus, Saldarriaga's amended answer should not have been stricken as untimely.
Saldarriaga's remaining contentions either need not be reached in light of our determination or are without merit.
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court