Alton J. Wightman, J.
This is an appeal by defendant from a default judgment for plaintiff against her in the amount of *798 $630.24 entered in Justice Court, Town of Bath, before the Honorable George D. Reed on August 18, 1970.
Appellant urges reversal of the judgment on several grounds.
She first contends that the judgment roll contains no proof of service of the summons, for the reason that a constable allegedly making service signed a form affidavit of service which contained no jurat. CPLR 306 concerns proof of service and, among other things, provides ‘1 It shall be in the form of a certificate if the service is made by a sheriff or other authorized public officer or in the form of an affidavit if made by any other person ”. The so-called proof of service with no jurat is not an affidavit and is not in the form of a certificate and therefore fails to comply with the requirements of the CPLR.
Appellant next contends that plaintiff failed to appear by an attorney, which invalidated the entire proceeding. CPLR 321 (subd. [a]) provides “A party * * * may prosecute or defend a civil action in person or by attorney, except that a corporation * * * shall appear by attorney.”
Where the petition in a proceeding is a printed form, carrying no statement of an attorney’s name and admittedly not filed by an attorney, the appearance is by plaintiff in person and not by the attorney (Hillside Housing Corp. v. Eisenberger, 173 Misc. 75). In Lonya Realty Corp. v. Montes (113 N. Y. S. 2d 299) the court held in a proceeding for nonpayment of rent that it must be shown that petitioner was represented by an attorney when the application was made and the precept was issued.
In Oliner v. Mid-Town Promoters (2 N Y 2d 63, 64) the court found this section constitutional and said: ‘ ‘ Corporations under section 4 of article X of the State Constitution may ‘ sue and * * * be sued in all courts in like cases as natural persons ’, but, unlike natural persons, corporations can do nothing except through the agency of others ”.
Plaintiff is a corporation. It did not appear by an attorney, but on the contrary, the name “ County Seat Adjustment Bureau” appears on the summons. The court therefore obtained no jurisdiction over plaintiff or of its alleged cause of action.
Appellant further claims that plaintiff failed to include an adequate and proper statement of its cause of action. Section 902 (subd. [a], par. 1) of the Uniform Justice Court Act provides for an indorsement of plaintiff’s cause of action upon the summons if it is for money only. This section provides, among other things, ‘ ‘ The indorsement shall consist of a statement of the nature and substance of the cause of action ”. Except for the amount claimed, the only indorsement appearing upon the *799 summons is the word “merchandise”. In the Practice Commentary by David D. Siegel (McKinney’s Cons. Laws of N. Y., Book 29A, Judiciary — Court Acts) following this section he says ‘1 the ‘ indorsement ’ is not a mere ‘ notice ’, however, it is in every sense a complaint — a pleading. This becomes important when it is sought to take a default under the CPLR, whose default judgment procedures are adopted by IIJCA 1402 for application in the justice courts ’ ’. The ‘1 indorsement pleading ” is therefore completely inadequate and plaintiff failed to comply with the provisions of section 902 of TUCA.
The judgment is further defective because of a failure to comply with CPLR 3215. Section 1402 of the TUCA authorizes the entry of a default judgment pursuant to CPLR 3215 (subd. [e]) which provides that on an application for judgment by default certain papers must be filed ‘ ‘ and proof by affidavit made by the party of the facts constituting the claim, the default and the amount due ”. No affidavit of any kind was made a part of this judgment.
The appeal is allowed. The judgment is vacated and set aside on the law and the facts.