OPINION OF THE COURT
John Di Noto, J.
Plaintiff’s motion for an order to dismiss defendant’s demand for a trial de novo is granted. The clerk of the court is directed to disregard the demand for trial de novo and strike the case from the Trial Calendar.
A demand for a trial de novo may be made by any party *19 who was not in default at the compulsory arbitration hearing. (22 NYCRR 28.12.) A corporation is in default where it is not represented by an attorney at a civil proceeding. (CPLR 321 [a].) The objection to a corporation appearing in person is that it is not a natural person and it must act through its agents. Accordingly, in legal matters, the corporation must act through licensed attorneys. The reason corporations are required to act through attorneys is that a corporation is a hydra-headed entity and its shareholders are insulated from personal liability, therefore, there must be a designated spokesman accountable to the court. (Austrian, Lance & Stewart v Hastings Props., 87 Misc 2d 25 [Sup Ct, NY County 1976].)
In the instant case, the defendant corporation was in default when it failed to be represented by an attorney at the compulsory arbitration hearing. (CPLR 321 [a].) The fact that the arbitrator erroneously allowed an officer of the defendant corporation to present witnesses and argue its case does not negate the legal default. Accordingly, the defendant corporation is not entitled to make a demand for a trial de novo since they were in default. (22 NYCRR 28.12.) The proper remedy for the defendant is to make a motion to vacate the default pursuant to 22 NYCRR 28.7. If the motion is granted and the matter restored to the arbitration calendar, then the $45 fee paid by the defendant corporation to the court for the trial de novo is to be applied to cover the cost of the arbitration panel.