■ JERKENS TRUCKING & EQUIPMENT, INC., Respondent, v THEODORE MEMMOLI et al., Defendants, and THEODORE MEMMOLI, SR., Appellant. [610 NYS2d 855] —In an action to recover damages for breach of contract, the defendant Theodore Memmoli, Sr., appeals (1) from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated March 11, 1992, which denied his motion to vacate a judgment of the same court, entered September 9, 1991, against him upon his default in appearing, and to dismiss the complaint for lack of in perso-

nam jurisdiction, and (2) as limited by his brief, from so much of an order of the same court, dated May 6, 1992, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 11, 1992, is dismissed, as that order was superseded by the order dated May 6, 1992, made upon reargument; and it is further,

Ordered that the order dated May 6, 1992, is modified, on the law, by deleting the provision thereof which adhered to the original determination denying that branch of the motion which was to vacate the default judgment, and substituting therefor a provision granting that branch of the motion, and vacating the judgment entered September 9, 1991; as so modified, the order dated May 6, 1992, is affirmed insofar as appealed from, and the time for the defendant Theodore Memmoli, Sr., to serve a verified answer upon the plaintiff is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the order dated March 11, 1992, is modified accordingly; and it is further,

Ordered that the defendant Theodore Memmoli, Sr., is awarded one bill of costs.

The record supports the finding of the Supreme Court that service of process was properly made upon the defendant Theodore Memmoli, Sr., in Illinois, on July 15, 1991. Nevertheless, the default judgment entered against Theodore Memmoli, Sr., on September 9, 1991, must be vacated due to a failure to strictly comply with the applicable statutes governing the entry of default judgments. Specifically, the record indicates that the default judgment was entered on September 9, 1991, without the filing of the required "proof of service" of process upon Theodore Memmoli, Sr. *(see,* CPLR 3215 [f]; 5017; *see also, Nemetsky v Banque De Developpement De La Republique Du Niger,* 59 AD2d 527, *affd* 48 NY2d 962; *Grant Co. v Payne,* 64 Misc 2d 797). Accordingly, the default judgment against the defendant, Theodore Memmoli, Sr., is vacated and his time to answer, solely on the merits, which are referred to in his moving papers, is extended to the extent indicated. Mangano, P. J., Miller, Hart and Florio, JJ., concur.