■ VICTOR FALLEK, Appellant, et al., Plaintiff, v BECKER, ACHIRON & ISSERLIS, Respondent. [668 NYS2d 24] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered October 8, 1996, dismissing the complaint of the individual plaintiff, and bringing up for review a prior order, entered

June 18, 1996, which, in an action for legal malpractice, granted defendant's motion to dismiss the complaint insofar as directed to the claims of the individual plaintiff, on the ground of collateral estoppel and for failure to state a cause of action, unanimously affirmed, with costs. The appeal from the order is unanimously dismissed, without costs, as superseded by the appeal from the judgment.

The motion court properly determined that to the extent that the individual plaintiff asserts a right to maintain this action by virtue of his status as a shareholder of plaintiff corporation, or by virtue of the insurance contract that was issued to plaintiff corporation and under which defendant attorneys were assigned as defense counsel, he is collaterally estopped by the prior order holding that he lacked standing to sue in the action he and plaintiff corporation brought against the insurance company. That the issue of the individual plaintiff's standing to assert defendant's malpractice now rises in an entirely distinct cause of action is no impediment to collateral estoppel (*Bartkowski v Friedman*, 213 AD2d 873, 874-875; *see also, Siddiqi v Ober, Kaler, Grimes & Shriver*, 224 AD2d 220, 222, *lv denied* 88 NY2d 812; *Geraci v Bauman, Greene & Kunkis*, 171 AD2d 454, *appeal dismissed* 78 NY2d 907). In any event, were we to review the issue anew, we agree with the motion court that the individual plaintiff lacks standing because no judgment was entered against him in the underlying personal injury action, and the payment he made in settlement of the underlying plaintiff's action against him seeking to pierce the corporate plaintiff's corporate veil was voluntary. In this connection, there is no allegation of contractual or other privity between the individual plaintiff and plaintiff corporation, or between the individual plaintiff and defendant. Nor is there any indication that plaintiff corporation assigned its legal malpractice claim to the individual plaintiff (*compare, Chang v Chang*, 226 AD2d 316). The motion court also aptly noted that since no judgment was ever rendered against the individual plaintiff as a result of defendant law firm's representation of plaintiff corporation in the underlying personal injury action, he failed to state any damages (*see, Weiss v Manfredi*, 83 NY2d 974, 977; *Volpe v Canfield*, 237 AD2d 282, 283, *lv denied* 90 NY2d 802). Concur—Rosenberger, J. P., Williams, Andrias and Colabella, JJ.