■ In the Matter of SCOTT PERE, Petitioner, v 1470-1488 U&R INC., Appellant, and HARRIET M. POLINSKY et al., Respondents. [668 NYS2d 685] —In a proceeding for the judicial dissolution of a corporation pursuant to Business Corporation Law article 11, the corporation appeals from (1) an order of the Supreme Court, Kings County (R. Goldberg, J.), dated June 11, 1996, which upon its default, granted the receiver's motion to settle an account and disperse funds, and (2) a judgment of the same court, dated September 27, 1996, which after a hearing held upon its default, is in favor of Sol Mermelstein and against it for an attorney's fee in the amount of $19,100.

Ordered that the appeals are dismissed, without costs or disbursements.

The appeals must be dismissed as no appeal lies from an or-

der or judgment entered on the default of the appealing party (*see, Katz v Katz*, 68 AD2d 536). A corporation is in default in a civil proceeding when it is not represented by an attorney (*Mineola Mack Distribs. v Huntington Fleet Serv.*, 132 Misc 2d 18, 19; *see generally, Hilton Apothecary v State of New York*, 89 NY2d 1024). Here, the appellant corporation was in default as it did not appear by an attorney at the underlying hearings. The fact that an officer of the corporation was permitted to argue its case does not negate the legal default (*see, Mineola Mack Distribs. v Huntington Fleet Serv., supra*). Therefore, the corporation may not appeal from the order and judgment in question. The proper remedy is by motion to vacate the default, made to the court which issued the order and judgment (*see, Calvagno v Nationwide Mut. Fire Ins. Co.*, 110 AD2d 741, 742). Miller, J. P., Sullivan, Pizzuto and Florio, JJ., concur.