■ GEORGE LOHMANN, JR., Appellant, v CASTLETON GALLERY, INC., et al., Respondents. [675 NYS2d 123] —In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated August 15, 1997, as, in effect, upon reargument, adhered to a determination made in an order of the same court, dated July 25, 1997, granting the defendants' motion to vacate a judgment of default entered upon the defendants' failure to appear for a scheduled deposition.

Ordered that the order dated August 15, 1997, is modified by deleting the provision thereof adhering to so much of the determination made in the order dated July 25, 1997, as granted that branch of the defendants' motion which was to vacate the default judgment insofar as entered against the defendant Castleton Gallery, Inc., and substituting therefor a provision denying that branch of the defendants' motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The corporate defendant, Castleton Gallery, Inc., was in default when it appeared in this action without representation by a licensed attorney (*see,* CPLR 321 [a]; *Matter of Pere v 1470-1488 U & R,* 247 AD2d 477; *Mineola Mack Distribs. v*

*Huntington Fleet Serv.,* 132 Misc 2d 18, 19; *Austrian, Lance & Stewart v Hastings Props.,* 87 Misc 2d 25), and has failed to give a reasonable excuse for its default (*see, Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities,* 70 NY2d 831; *Barasch v Micucci,* 49 NY2d 594; *Martinez v Otis El. Co.,* 213 AD2d 523). Accordingly, that branch of the defendants' motion which was to vacate the default judgment insofar as entered against the defendant Castleton Gallery, Inc., should have been denied.

However, the assertions of the individual defendants, Larry Schnell and Yvonne Schnell, that they did not receive notice of the scheduled deposition or of the plaintiff's motion for a default judgment constitutes a valid and reasonable excuse (*see, Krebs v Cabrera,* 250 AD2d 736; *Key Bank v Lammers,* 191 AD2d 615; *Meyer v A & B Am.,* 160 AD2d 688). The record reveals that the plaintiff sent all interlocutory papers to the last known business address of the corporate defendant instead of the address designated by the individual defendants for that purpose in their answer (*see,* CPLR 2103 [b] [2]; [c]). Furthermore, the individual defendants have a colorable defense.

Finally, there is no showing of circumstances requiring the posting of an undertaking (*see, Congress Talcott Corp. v Pacemakers Trading Corp.,* 161 AD2d 554). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.