■ CINDERELLA HOLDING CORP. et al., Respondents, v CALVERT INSURANCE COMPANY et al., Appellants, et al., Defendant. [696 NYS2d 858] —In an action, *inter alia,* to recover damages for breach of contract, the defendants Calvert Insurance Company, William F. Meisner & Company, Inc., N. Jeffrey Brown, Ceasar & Napoli, Christine Anderson, and Leonard Brown appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated September 24, 1998, which denied their motion pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff Cinderella Holding Corp. did not appear by an attorney (*see,* CPLR 321 [a]). Therefore, the complaint insofar as asserted on behalf of the plaintiff corporation should have been dismissed (*see, Hilton Apothecary v State of New York,* 89 NY2d 1024; *Gazdo Props. Corp. v Lava,* 150 Misc 2d 1019; *Grant Co. v Payne,* 64 Misc 2d 797; *Lonya Realty Corp. v Montes,* 113 NYS2d 299; *see,* also, *Lohmann v Castleton Gallery,* 252 AD2d 482; *Matter of Pere v 1470-1488 U&R,* 247 AD2d 477).

The causes of action asserted on behalf of the individual plaintiff, Vidyartie Ganesh, sounding in breach of contract, breach of trust, and breach of the insurance carrier's duty of good faith and fair dealing, must be dismissed insofar as asserted against the appellants. There is no allegation of contractual or other privity between Ganesh, as sole shareholder of the plaintiff corporation, and the plaintiff corporation, or between the Ganesh and the appellants. Therefore, Ganesh lacks standing to assert those causes of action (*see, Fallek v Becker, Achiron & Isserlis,* 246 AD2d 394; *Watson v Aetna Cas. & Sur. Co.,* 246 AD2d 57, 63; *Abate v All-City Ins. Co.,* 214 AD2d 627; *Costa v Colonial Penn Ins. Co.,* 204 AD2d 591).

Ganesh's causes of action alleging violations of various provisions of the Insurance Law should have been dismissed insofar as asserted against the appellants as these provisions do not give rise to private causes of action (*see, New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 317-318; *Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603, 614; *Kurrus v CNA Ins. Co.,* 115 AD2d 593, 594).

Ganesh's cause of action to recover damages for intentional infliction of emotional distress should have been dismissed insofar as asserted against the appellants for failure to state a cause of action (*see,* CPLR 3211 [a] [7]; *Howell v New York Post Co.,* 81 NY2d 115; *Freihofer v Hearst Corp.,* 65 NY2d 135; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303).

Finally, Ganesh's request for punitive damages must be dismissed insofar as asserted against the appellants since he is unable to assert an underlying cause of action upon which a demand for punitive damages can be grounded (*see, Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603, 616-617, *supra*). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.