■ COMBINED VENTURES, LLC, Respondent, v FISKE HOUSE APT. CORP. et al., Defendants. DAISY GREEN, Nonparty Appellant; 22 FISKE PLACE, LLC, Nonparty Respondent. [906 NYS2d 568]—

In an action to foreclose a mortgage on a residential apart-

ment building, nonparty Daisy Green, a tenant in the building, appeals from (1) an order of the Supreme Court, Kings County (Balter, J.), dated March 31, 2009, which denied her motion to stay the enforcement of a notice of eviction dated January 30, 2009, and (2) an order of the same court dated June 3, 2009, which denied her motion to vacate a writ of assistance and order of possession (one paper) of the same court dated December 18, 2008, to the extent that it directed the Kings County Sheriff to place 22 Fiske Place, LLC, a nonparty, in exclusive possession of the apartment she occupied. By decision and order on motion dated July 20, 2009, this Court stayed enforcement of the order dated June 3, 2009, pending hearing and determination of these appeals.

Ordered that the orders dated March 31, 2009, and June 3, 2009, respectively, are reversed, on the law, with one bill of costs, the appellant's motion to stay enforcement of the notice of eviction is granted, and the appellant's motion to vacate the writ of assistance and order of possession to the extent that it directed the Kings County Sheriff to place 22 Fiske Place, LLC, in exclusive possession of the apartment occupied by the appellant is granted.

The appellant, Daisy Green, is a rent-stabilized tenant in an eight-unit residential apartment building located in Brooklyn (hereinafter the subject premises). The owner of the subject premises defaulted on a mortgage held by the plaintiff and, in May 2006, the plaintiff commenced this foreclosure action against the owner, among others. On December 5, 2007, the Supreme Court issued a judgment of foreclosure and sale.

Nonparty 22 Fiske Place, LLC (hereinafter the purchaser), purchased the subject premises after foreclosure, and thereafter moved pursuant to RPAPL 221 for a writ of assistance directing the Kings County Sheriff or a New York City Marshal to place it in possession of the subject premises. In a writ of assistance and order of possession dated December 18, 2008, the Supreme Court granted the motion and directed the Kings County Sheriff to eject the defendants from the subject premises, along with "every person holding . . . any part" of the subject premises, and to place the purchaser in possession of the subject premises. Green thereafter received a five-day eviction notice issued in connection with the writ of assistance. Green contends that since she is a rent-stabilized tenant, the writ of assistance should be vacated as against her.

The Rent Stabilization Code (9 NYCRR 2520.1-2531.9) (hereinafter the RSC) provides that "[a]s long as the tenant continues to pay the rent to which the owner is entitled, no tenant shall

be . . . removed from any housing accommodation by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, except on one or more of the grounds specified in this Code" (9 NYCRR 2524.1 [a]). Foreclosure is not one of the enumerated grounds for eviction (*see* 9 NYCRR 2524.3). Thus, a purchaser after foreclosure is not permitted to evict a rent-stabilized tenant on the basis of foreclosure (*see e.g. Pisani v Cominger*, 36 AD2d 593 [1971]; *De Santis v White Rose Assoc.*, 152 Misc 2d 567 [1991]; *Drury v Sidney Davies, Inc.*, 116 NYS2d 118 [1952]; *Da Costa v Hamilton Republican Club of Fifteenth Assembly Dist.*, 187 Misc 865 [1946]; *Pfalzgraf v Voso*, 184 Misc 575 [1945]; *United Institutional Servicing Corp. v Santiago*, 62 Misc 2d 935 [1970]). We note that the protections of the RSC apply to those tenants who continue "to pay the rent to which the owner is entitled" (9 NYCRR 2524.1 [a]; *cf. Novick v Hall*, 70 Misc 2d 641, 645 [1972] ["In order to give effect to the expressed intent of the Legislature not to allow the removal of a statutory tenant from his abode so long as he pays the rent to which the landlord is entitled, the statute must be interpreted to mean that if the rent is paid or tendered at any time prior to his removal, the tenant may not be removed"]). The record before us indicates that Green attempted to tender rent to the purchaser, but was told to hold onto it. "Repeated tender of rent by a tenant and refusal of the rent by a landlord can preclude the landlord from maintaining a summary eviction proceeding for the failure to pay rent" (*Aimco Columbus Ave. v Bivou Rest. Corp.*, 9 Misc 3d 1114[A], 2005 NY Slip Op 51544[U], *3 [2005]).

Green's remaining contentions have been rendered academic in light of our determination. Prudenti, P.J., Skelos, Florio and Sgroi, JJ., concur.