NYCTL 1998-2 Trust v DR 226 Holdings, LLC (2021 NY Slip Op 08237)





NYCTL 1998-2 Trust v DR 226 Holdings, LLC


2021 NY Slip Op 08237


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2017-09013
 (Index No. 8569/10)

[*1]NYCTL 1998-2 Trust, etc., plaintiff, 
v
DR 226 Holdings, LLC, et al, defendants, Warren Johnson, respondent; Adam Plotch, intervenor; AdelphiF, LLC, nonparty-appellant.


Stern & Stern, Brooklyn, NY (Pamela Smith of counsel), for nonparty-appellant.
Brooklyn Legal Services, Brooklyn, NY (Rachel Bash of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a tax lien, nonparty AdelphiF, LLC, appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated June 8, 2017. The order, insofar as appealed from, granted the motion of the defendant Warren Johnson pursuant to CPLR 5015(a) to vacate an order of the same court dated January 5, 2017, granting the motion of nonparty AdelphiF, LLC, pursuant to RPAPL 221 for a writ of assistance to put it into possession of a certain apartment unit.
ORDERED that the order dated June 8, 2017, is affirmed insofar as appealed from, with costs.
In 1999, the apartment building located at 226 St. James Place in Brooklyn was sold at a foreclosure sale. Thereafter, the building was converted to condominium ownership. In or about April 2010, the plaintiff commenced this action to foreclose a tax lien recorded against an individual apartment unit (hereinafter the apartment) in the building. The defendant Warren Johnson (hereinafter the defendant), who resided in the apartment, was thereafter joined and duly served with process and a notice pursuant to RPAPL 1303. The defendant did not answer, appear, or move for other relief. In June 2014, the Supreme Court issued a judgment of foreclosure and sale, and directed a referee to sell the apartment. In March 2015, Adam Plotch purchased the apartment at the foreclosure auction and received a referee's deed. In June 2016, the court granted Plotch leave to intervene in the action. Thereafter, Plotch conveyed the apartment to nonparty AdelphiF, LLC (hereinafter the appellant), of which Plotch is the sole member. In December 2016, the appellant, as successor in interest to Plotch, moved pursuant to RPAPL 221 for a writ of assistance to put it into possession of the apartment. The motion allegedly was served by mail upon the defendant in a mailing addressed to "Warren" at the apartment. In an order dated January 5, 2017, the court granted the appellant's motion for a writ of assistance on default. In March 2017, the defendant moved pursuant to CPLR 5015(a) to vacate the order. The appellant opposed the motion. In the order appealed from, the court granted the defendant's motion.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Santos v Penske Truck Leasing Co., 105 AD3d [*2]1029). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792).
The Supreme Court providently exercised its discretion in granting the defendant's motion to vacate the January 5, 2017 order. The defendant proffered a reasonable excuse for his failure to respond to the appellant's motion. In an affidavit, he stated that he did not receive a copy of the appellant's motion papers. Moreover, the purported proof of mailing of the appellant's motion contained only his first name. The defendant demonstrated that the affidavit of service submitted by the appellant failed to establish a presumption of proper mailing (see Lohmann v Castleton Gallery, 252 AD2d 482, 483; Stein v Paredes, 110 AD2d 818, 819).
The Supreme Court properly determined that the defendant established a potentially meritorious opposition to the appellant's motion, i.e., that he is a rent-stabilized tenant who succeeded to the apartment after his mother vacated it in or around 2002. In order to establish succession rights to a rent-stabilized apartment, a movant must substantiate a claim that he or she resided with the tenant of record, with whom he or she shares a specified relationship, in the subject apartment as their primary residence for a period of no less than two years prior to the tenant of record's surrender of his or her own tenancy rights (see 9 NYCRR 2523.5[b][1]; Matter of 9215 Realty, LLC v State of N.Y. Div. of Hous. & Community. Renewal, 136 AD3d 925, 925-926). It is the movant's burden to establish his or her entitlement to succession rights to his or her family member's apartment (see Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev., 48 AD3d 288, 289).
Here, the defendant submitted the lease agreement of his mother, Tallulah Evans Cooke, which listed the defendant as a tenant. He also submitted the apartment registration with the Division of Homes and Community Renewal (hereinafter DHCR), showing that the apartment was rent-stabilized, and the utility bills showing both his and his mother's names on the account. In addition, he submitted his own affidavit, in which he averred that his mother moved out of the apartment in 2002, and that he lived with her in the apartment in the two years preceding her departure. Moreover, the defendant submitted his birth certificate evidencing that Evans Cooke was, in fact, his mother. This evidence was sufficient to establish that the defendant had a potentially meritorious opposition to the appellant's motion.
Contrary to the appellant's contention, the defendant was not required to vacate the judgment of foreclosure and sale in order to assert his succession rights, since "a purchaser after foreclosure is not permitted to evict a rent-stabilized tenant on the basis of foreclosure" (Combined Ventures, LLC v Fiske House Apt. Corp., 74 AD3d 1119, 1121).
The appellant's remaining contentions are either not properly before this Court, having been raised for the first time on appeal (see Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 887, 889), or without merit.
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court