Bayview Loan Servicing, LLC v Taddeo (2021 NY Slip Op 06146)





Bayview Loan Servicing, LLC v Taddeo


2021 NY Slip Op 06146


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2018-01115
 (Index No. 3765/11)

[*1]Bayview Loan Servicing, LLC, respondent,
v
Frank Taddeo, appellant, et al., defendants.


Frank A. Taddeo, Hopewell Junction, NY, appellant pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Frank Taddeo appeals from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated December 11, 2017. The order, insofar as appealed from, denied that defendant's motion to vacate an order of the same court dated July 6, 2015, granting the motion of JPMorgan Chase Bank, National Association, inter alia, for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference, and granted the plaintiff's motion for a judgment of foreclosure and sale.
ORDERED that the order dated December 11, 2017, is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Frank Taddeo to vacate the order dated July 6, 2015, is granted, and the plaintiff's motion for a judgment of foreclosure and sale is denied.
On July 20, 2007, the defendant Frank Taddeo executed a note in the amount of $235,500 in favor of nonparty Washington Mutual Bank, FA (hereinafter WaMu). The note was secured by a mortgage on certain real property in Dutchess County.
On June 9, 2011, JPMorgan Chase Bank, National Association (hereinafter JPMorgan), WaMu's successor in interest, commenced this action to foreclose the mortgage against Taddeo, among others. JPMorgan moved, inter alia, for summary judgment on the complaint insofar as asserted against Taddeo, to strike Taddeo's answer, and for an order of reference. In support, JPMorgan submitted the affidavit of Edilia Perez, who stated that she was familiar with the records and record-keeping practices of the plaintiff, Bayview Loan Servicing, LLC, which was JPMorgan's assignee at the time. She stated that "Bayview Loan Servicing, LLC, has been in continuous possession of the note and mortgage since April 5, 2014." She attached the blank-endorsed note to her affidavit.
In an order dated July 6, 2015, the Supreme Court, inter alia, granted those branches of JPMorgan's motion which were for summary judgment on the complaint insofar as asserted against Taddeo, to strike Taddeo's answer, and for an order of reference. The court also granted that branch of JPMorgan's motion which was to substitute Bayview Loan Servicing, LLC, as the plaintiff in this action.
By notice of motion dated August 23, 2017, Taddeo moved to vacate the order dated July 6, 2015. Among other things, he argued that the "plaintiff presented no evidence of having [*2]possessed the underlying note prior to filing the complaint." The plaintiff then moved for a judgment of foreclosure and sale.
In an order dated December 11, 2017, the Supreme Court denied Taddeo's motion to vacate the order dated July 6, 2015, and granted the plaintiff's motion for a judgment of foreclosure and sale. Taddeo appeals.
The Supreme Court erred in denying Taddeo's motion to vacate the order dated July 6, 2015. A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). The defense of lack of standing may be raised at anytime in residential mortgage foreclosure actions involving a "home loan" (see RPAPL 1302-a; GMAC Mtge., LLC v Coombs, 191 AD3d 37, 46).
Here, Perez stated that the plaintiff did not come into possession of the note at issue until three years after this action was commenced. Thus, the plaintiff failed to establish standing.
The contention at pages 33-43 of Taddeo's brief is academic in view of the foregoing. The contention at pages 43-52 of Taddeo's brief, raised for the first time on appeal, is not properly before this Court (see NYCTL 1998-2 Trust v DR 226 Holdings, LLC, 192 AD3d 900).
Accordingly, the Supreme Court should have granted Taddeo's motion to vacate the order dated July 6, 2015, and should have denied the plaintiff's motion for a judgment of foreclosure and sale.
AUSTIN, J.P., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court