# Fitzcon Constr/Ren Corp. v 5531-321 E. 22nd St. Manhattan LLC

2025 NY Slip Op 31692(U)

May 9, 2025

Supreme Court, New York County

Docket Number: Index No. 651631/2021

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

FITZCON CONSTRUCTION/REN CORP.,

Plaintiff,

- v -

5531 - 321 EAST 22ND STREET MANHATTAN LLC, A &
V STEEL, LLC, AVINASH JAMNAPRASAD, VISHAL
JAMNAPRASAD, PRIME MIX CORP, CASA REDIMIX
CONCRETE CORP., NEW YORK CITY LAND
SURVEYOR P.C., NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, NEW YORK CITY
DEPARTMENT OF FINANCE, JOHN DOES 1- 100

Defendants.

-----------------------------------------------------------------------------------X

| INDEX NO. | 651631/2021 |
| MOTION DATE | 03/25/2025 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 74, 75, 76, 77, 78,
79, 80, 81, 82, 83, 84, 85

were read on this motion for              DEFAULT JUDGMENT                .

Defendants-Counterclaimants Casa Redimix Concrete Corp. ("Casa") and Prime Mix

Corp ("Prime") move for an Order entering a default judgment and/or summary judgment

against plaintiff FitzCon Construction/Ren Corp. ("Fitzcon") and in favor of Casa and Prime on

their respective counterclaims.  Fitzcon has failed to retain substitute counsel and has not

opposed this motion.  For the following reasons, Casa and Prime's motion is granted.

"A corporation is in default in a civil proceeding when it is not represented by an

attorney" (*Matter of Pere v 1470-1488 U&R Inc.*, 247 AD2d 477, 478 [2d Dept 1998]).  Thus,

where a party required to appear by counsel fails to do so, default judgment is warranted (*see*

*Mail Boxes Etc. USA, Inc. v Higgins*, 281 AD2d 176 [1st Dept 2001]).

[* 1]

Here, the Court granted Fitzcon's former counsel's motion to withdraw as counsel on November 22, 2024, and granted Fitzcon a thirty-day stay to obtain new counsel (NYSCEF 66). When no substitute counsel appeared for Fitzcon, on February 18, 2025, the Court entered a Status Conference Notice, requiring all parties to appear for a "mandatory in person conference" on March 11, 2025 (NYSCEF 69). On February 21, 2025, Casa and Prime served a copy of the Notice on Fitzon (NYSCEF 70). Fitzcon failed to appear at the March 11, 2025 status conference and the Court granted Casa and Prime leave to file this motion (NYSCEF 71).

In sum, Fitzcon has had *months* to appear through counsel and prosecute this case but has not done so. Casa and Prime submitted an affidavit of service demonstrating that Fitzcon was served with the Notice for Default Judgment and supporting papers (NYSCEF 85). Accordingly, a default judgment is appropriate.

Casa and Prime additionally argue that Fitzcon has admitted all essential elements of Casa and Prime's counterclaims, so the merits warrant judgment in Casa and Prime's favor on their counterclaims against Fitzcon (*see* NYSCEF 10-11). Pursuant to CPLR 3123 [a], if a party fails to either admit or deny the matters identified in a notice to admit within twenty days of service thereof, those matters "shall be deemed admitted." Admissions stemming from a failure to respond to a notice to admit are sufficient to establish a movant's "prima facie entitlement to judgment as a matter of law." (*New Image Const., Inc. v TDR Enterprises Inc.*, 74 AD3d 680, 681 [1st Dept 2010]). Moreover, where a party fails to respond to a notice to admit, it is "deemed to have admitted the genuineness of" documents annexed thereto for summary judgment purposes (*id.*).

On November 11, 2021, Casa and Prime served CPLR 3123 Notices to Admit on Fitzcon via Certified Mail. Casa and Prime submit that Fitzcon did not respond. Casa and Prime's

Notice to Admit call on Fitzcon to admit, among others, that it entered into agreements with Casa and Prime in connection with the Project, that it received material deliveries from Casa and Prime at the Projects, that it signed delivery tickets upon receipt of those deliveries, that Casa and Prime invoiced Fitzcon for the materials they delivered to Fitzcon at the Project in sums certain, and that Fitzcon did not make any payment to Casa and Prime as against those invoices (NYSCEF 76, 77). Casa and Prime's Notice to Admit likewise append the aforementioned signed delivery tickets and invoices and called upon Fitzcon to admit that it never objected to those invoices (*id.*).

As such, through its failure to respond to Casa and Prime's Notices to Admit, Fitzcon has admitted, *inter alia*, that: (a) Casa and Prime were both in privity with Fitzcon at the Project; (b) Casa and Prime each rendered valuable performance to Fitzcon at the Project; (c) Casa and Prime's performance is accurately reflected in the delivery tickets attached to their respective Notices to Admit; (d) regardless of the scope of their agreements with Fitzcon, Casa and Prime expected to be paid for the performance they rendered on Fitzcon's behalf, as evidenced by the invoices attached to their respective Notices to Admit; (e) through its admitted failure to object to those invoices, Fitzcon agreed that those invoices accurately reflected the value of Casa and Prime's performance — i.e., $6,170.82 as to Casa, and $2,874.30 as to Prime; and (f) Fitzcon failed to pay Casa and Prime any of the invoiced amounts.

As such, the Court finds that Casa and Prime are entitled to a judgment against Fitzon in their favor on their counterclaims (*see Callaghan v Curtis*, 82 AD3d 816, 817 [2d Dept 2011] [affirming summary judgment on an account stated claim where the underlying proof was a notice to admit to which the respondent had failed to respond]).

Accordingly, it is

[* 3]

**ORDERED** that the unopposed motion by Case and Prime for summary judgment is **GRANTED**; it is further

**ORDERED** that upon submission of a proposed judgment in the appropriate form, the Clerk shall enter judgment as follows:

(1) in favor of Casa and as against Fitzcon on Casa's second, third, and fourth counterclaims in the amount of $6,170.82, together with interest thereon at the rate of nine percent (9%) per annum running from December 22, 2020, as well as the taxable costs and disbursements Casa has incurred in this action, as calculated by the Clerk; and

(2) in favor of Prime as against Fitzcon on Prime's second, third, and fourth counterclaims in the amount of $2,874.30, together with interest thereon at the rate of nine percent (9%) per annum running from December 23, 2020, as well as the taxable costs and disbursements Prime has incurred in this action, as calculated by the Clerk.

This Clerk is directed to mark this action disposed.

20250509135023JMCOHENC6A4AD1DF42E4729BB2633DDEA9FC9FA

__5/9/2025__
**DATE**

**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]