Mosad Harim Levin v Embray (2026 NY Slip Op 50221(U))

[*1]

Mosad Harim Levin v Embray

2026 NY Slip Op 50221(U)

Decided on February 22, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through February 26, 2026; it will not be published in the printed Official Reports.

Decided on February 22, 2026
Supreme Court, Kings County

Mosad Harim Levin d/b/a PROJECT WITNESS, Plaintiff,

againstIssac Embray, individually and doing business as "Kukui Beach," an unregistered fictitious business name, Defendant.

Index No. 779/2025

 
Aaron D. Maslow, J.

The following papers, filed in original hardcopy, were used on this motion:
Plaintiff's summons and verified complaint, notice of motion; adjournment order.Upon the foregoing papers and after due deliberation, the within motion is determined as follows:
Plaintiff, a not-for-profit corporation represented by its Deputy Director, Mr. Yisrael Bitton, commenced this action against Defendant, alleging breach of contract. According to Plaintiff's complaint, on or about March 3, 2025, Defendant entered into an agreement with Plaintiff to perform animation and modeling services in exchange for compensation. Plaintiff contends that it performed all its obligations, including making two payments totaling approximately 75% of the agreed-upon compensation. Plaintiff further asserts that Defendant failed to deliver any portion of the contracted-for animation and failed to respond to Plaintiff's attempts at communication for extended periods of time. As a result, Plaintiff commenced this action, seeking compensatory damages, statutory interest, and costs and disbursements.
On September 14, 2025, Plaintiff moved for an order permitting alternative service of the summons and complaint on Defendant, and the motion was scheduled for November 28, 2025. In an interim order dated November 16, 2025, the motion was adjourned to December 19 of that year on the ground that Mr. Bitton is not an attorney admitted to practice law in New York, per the Unified Court System's database. The order further states that the action might be dismissed if Plaintiff did not appear by an attorney on the adjourned date. On December 19, 2025, no one appeared for Plaintiff.
As provided by CPLR 321 (a), with exceptions not applicable here, "a corporation or [*2]voluntary association shall appear by attorney." It is well established that a corporation may not appear pro se and must be represented by counsel in civil proceedings. The Court of Appeals of New York has expressly held that a corporation, unlike a natural person, may not appear in legal proceedings except by an attorney (see Hilton Apothecary v State of New York, 89 NY2d 1024[1997]). The Court, in Hilton Apothecary, cited CPLR 321 (a) to dismiss the motion for leave to appeal, insofar as an individual who was not an attorney sought to act on behalf of the plaintiff corporation Hilton Apothecary, Inc. The Appellate Division has consistently enforced this requirement (see Moran v Hurst, 32 AD3d 909 [2d Dept 2006]; Ficalora v Town Bd. Govt. of E. Hampton, 276 AD2d 666 [2d Dept 2000]; Cinderella Holding Corp. v Calvert Ins. Co., 265 AD2d 444 [2d Dept 1999]; Matter of Pere v 1470-1488 U&R, 247 AD2d 477 [2d Dept 1998]). The Court in Matter of Pere wrote, "A corporation is in default in a civil proceeding when it is not represented by an attorney" (247 AD2d at 478). Where a corporate plaintiff appears by someone not an attorney, dismissal is warranted (see Moran v Hurst, 32 AD3d 909; Cinderella Holding Corp. v Calvert Ins. Co., 265 AD2d 444).
Accordingly, Mr. Bitton may not represent Plaintiff, a not-for-profit corporation, in any legal proceedings, and it is hereby ORDERED as follows:
Applying CPLR 321 (a) and the relevant case law, Plaintiff's motion to permit alternative service of the summons and complaint on Defendant is DENIED, and the action is dismissed on the ground that Mosad Harim Levin must appear by an attorney. This dismissal is without prejudice to Plaintiff's recommencement of this action with representation by an attorney.
E N T E R