**Lakeview Loan Servicing, LLC v Thomas**

2026 NY Slip Op 30623(U)

February 26, 2026

Civil Court of the City of New York, Queens County

Docket Number: Index No. L&T 310769-24

Judge: Logan J. Schiff

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: HOUSING PART F
-------------------------------------------------------------------X

LAKEVIEW LOAN SERVICING, LLC

            Index No. L&T 310769-24

       Petitioner-Landlord,

   -against-          **DECISION AFTER**
                   **TRIAL**

CHARLES THOMAS, et al.

       Respondents.
-------------------------------------------------------------------X

Present:   Hon. <u>Logan J. Schiff</u>
       Judge, Housing Court

## BACKGROUND AND PROCEDURAL HISTORY

In this post-foreclosure holdover proceeding commenced pursuant to RPAPL 713(5), Respondent Ayinde McMillan has asserted an affirmative defense that he is a tenant and the subject premises are subject to the Rent Stabilization Law (RSL) by virtue of their conversion after January 1, 1974, from a 2-family home to a single room occupancy (SRO) rooming house containing at least six housing accommodations. It is undisputed that the subject property, which lacks a Certificate of Occupancy or I-Card, was constructed prior to January 1, 1974.

The court conducted a trial on September 3, 2025, October 9, 2025, and February 26, 2026, following several adjournments to enable Petitioner to subpoena records from the Department of Social Services (DSS).

## ANALYSIS

Upon review of the testimony and evidence adduced at trial, the court finds that the premises are subject to the RSL by virtue of their use as an SRO containing at least six housing accommodations after the January 1, 1974, base date. This conclusion is based in part on

1

[* 1]

Respondent's credible testimony that when he moved into the premises in 2017 from a homeless shelter while utilizing a DSS rental voucher through the LINC-5 program, he rented a single, locked room with separate key from the landlord and then-owner Charles Thomas, and that there were seven separately labeled SRO units in total in the two-story premises, all of which were individually occupied at various points, including by several men who moved in simultaneously with Respondent from the homeless shelter through the LINC-5 rental subsidy program. Respondent's testimony was supported by photographic evidence of the separately labelled, keyed SRO rooms and bolstered by the admission of violation reports issued by the Department of Buildings and the Department of Housing Preservation & Development for the unlawful conversion of the premises to an SRO. Further, subpoenaed records produced by DSS demonstrate that Respondent rented an SRO room from the former owner, Mr. Thomas.

Petitioner failed to rebut Respondent's showing. Indeed, its sole witness, an employee of the managing agent, acknowledged that upon inspecting the property in August 2025, they observed at least three SRO-style rooms with locks on the doors on each of the building's two floors.

Inasmuch as the record demonstrates that the former owner participated, or at a minimum acquiesced, in the use of the premises as an SRO containing at least six housing accommodations in a building constructed before January 1, 1974, after the 1974 base date, this rendered the premises subject to the RSL and precludes Respondent's eviction, as a tenant of the former owner, absent service of a termination notice citing an enumerated ground under the Rent Stabilization Code (*see Consulting SS, Inc. v Gorham*, 84 Misc 3d 128 [2d Dept, 2d, 11th & 13th Jud Dists 2024], citing 9 NYCRR § 2524.2; *King-Knights v Hall*, 83 Misc 3d 130 [2d Dept, 2d, 11th & 13th Jud Dists 2024]; *Robrish v Watson*, 48 Misc 3d 143 [2d Dept, 2d, 11th & 13th Jud

2

[* 2]

Dists 2015]). Nor did the conveyance of the premises to Petitioner by a referee via a judicial foreclosure extinguish Respondent's rent-stabilized tenancy (*see NYCTL 1998-2 Trust v DR 226 Holdings, LLC*, 192 AD 3d 900 [2d Dept 2021]); RPAPL § 1305[2]).

Accordingly, the proceeding is dismissed after trial without prejudice to commencement of a proceeding or action based on a ground for eviction enumerated in the Rent Stabilization Code (9 NYCRR § 2524.3 or 2524.4). The clerk is hereby directed to enter a judgment of dismissal in favor of Respondent. This constitutes the decision and order of the court.

Dated:    Queens, New York
          February 26, 2026                    _____
                                               Hon. Logan J. Schiff, J.H.C.

3

[* 3]