Guercia v Gao
2026 NY Slip Op 03950
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Rajkumarie Guercia, etc., respondent,
v
De X. Gao, et al., defendants, Suffolk Regional Off-Track Betting Corporation, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-13190, (Index No. 612107/23)
Betsy Barros, J.P.
Cheryl E. Chambers
Lillian Wan
Susan Quirk, JJ.

O'Toole Scrivo, LLC, New York, NY (Larry C. Green of counsel), for appellant.
Steven J. Borofsky, Westbury, NY, for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Suffolk Regional Off-Track Betting Corporation appeals from an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated November 1, 2024. The order granted the plaintiff's motion, in effect, to vacate an order of the same court dated August 5, 2024, granting that defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint and all cross-claims insofar as against it, and thereupon, to deny that motion.
ORDERED that the order dated November 1, 2024, is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion, in effect, to vacate the order dated August 5, 2024, and thereupon, to deny the motion of the defendant Suffolk Regional Off-Track Betting Corporation pursuant to CPLR 3211(a) to dismiss the amended complaint and all cross-claims insofar as asserted against it is denied.
On February 28, 2022, the plaintiff, Rajkumarie Guercia, and her husband, Carlo Michael Guercia (hereinafter the decedent), were staying at Jake's 58 Casino Hotel, a hotel owned and operated by the defendant Suffolk Regional Off-Track Betting Corporation (hereinafter OTB), when the decedent, who was intoxicated, left the property, ran onto I-495, and was struck and killed by a car. On May 12, 2023, the plaintiff commenced this action against OTB, among others, alleging violations of the Dram Shop Act and common-law negligence. In February 2024, OTB moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint and all cross-claims insofar as asserted against it. In an order dated August 5, 2024 (hereinafter the August 2024 order), the Supreme Court granted OTB's motion, upon the plaintiff's default. On August 28, 2024, the plaintiff moved, in effect, to vacate the August 2024 order, and thereupon, to deny OTB's motion, asserting that her prior counsel failed to oppose the motion or inform her of the oral argument date. In an order dated November 1, 2024, the court granted the plaintiff's motion. OTB appeals.
The Supreme Court should have denied the plaintiff's motion, in effect, to vacate the August 2024 order. "A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Wells Fargo Bank, N.A. v Elsman, 240 AD3d 936, 937; see CPLR 5015[a][1]; NYCTL 1998-2 Trust v DR 226 Holdings, LLC, 192 AD3d 900, 901). "A motion to [*2]vacate a default is addressed to the sound discretion of the court" (NYCTL 1998-2 Trust v DR 226 Holdings, LLC, 192 AD3d at 901 [internal quotation marks omitted]; see Vujanic v Petrovic, 103 AD3d 791, 792). Here, while the plaintiff demonstrated a reasonable excuse for her default in opposing OTB's motion, she failed to demonstrate a potentially meritorious opposition to OTB's motion.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Old Republic Natl. Title Ins. Co. v 1152 53 Mgt., LLC, 227 AD3d 824, 826 [internal quotation marks omitted]; see Nonnon v City of New York, 9 NY3d 825, 827). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Old Republic Natl. Title Ins. Co. v 1152 53 Mgt., LLC, 227 AD3d at 826 [internal quotation marks omitted]; see Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832). "[A]ffidavits may be used freely to preserve inartfully pleaded, but potentially meritorious, claims, and a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (Maursky v Latham, 219 AD3d 473, 474 [citations and internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 88).
Here, accepting the allegations in the amended complaint as true and according the plaintiff the benefit of every favorable inference, the allegations are insufficient to state causes of action for a violation of the Dram Shop Act or sounding in common-law negligence insofar as asserted against OTB. The plaintiff, suing as the administrator of the decedent's estate, has no standing to assert violations of the Dram Shop Act against OTB, as the Dram Shop Act "does not create a cause of action in favor of the intoxicated person or his or her estate" (Estate of Feenin v Bombace Wine & Spirits, Inc., 188 AD3d 1001, 1003 [internal quotation marks omitted]; see General Obligations Law § 11-101; Alcohol Beverage Control Law § 65; Wellcome v Student Coop. of Stony Brook, 125 AD2d 393, 394). Further, the plaintiff failed to sufficiently plead causes of action sounding in common-law negligence insofar as asserted against OTB because the amended complaint failed to sufficiently plead either that OTB was the cause of the decedent's death or that the injury occurred in an area under OTB's control (see D'Amico v Christie, 71 NY2d 76, 87; Filc v 221 Someplace Else, Ltd., 219 AD3d 1487, 1488). Additionally, an affidavit submitted by the plaintiff in support of her motion, in effect, to vacate the August 2024 order failed to cure the defects in the amended complaint.
BARROS, J.P., CHAMBERS, WAN and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court